## State of Vermont
## Superior Court—Environmental Division

===================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
===================================================================

**In re Rockingham School District Permit Revocation**          **Docket No. 20-2-13 Vtec**

Title: Motion to Remand (Filing No. 1)

Filed: April 15, 2013 (orally at status conference)

Filed By: Cross-Appellant Town of Westminster

Response in Opposition filed on 4/30/2013 by Appellant Rockingham School District

Response in Opposition filed on 4/30/13 by Interested Person Fred W. Yates

Response in Support filed on 5/6/2013 by Interested Person Ruth Gale


___ Granted                 _X_ Denied                ___ Other

In the case at hand, the Rockingham School District ("Appellant") appeals a decision by the Town of Westminster Development Review Board ("DRB") revoking Zoning Permit No. 12-20, which permitted an outdoor sports lighting system. At a pre-trial telephone status conference held on April 15, 2013, the Town of Westminster ("the Town"), through its attorney, requested that this Court remand the pending case to the DRB over concerns that Appellant did not provide proper notice of his appeal to his neighbors. We chose to treat the Town's request as a formal motion and invited all interested parties to file written responses to the motion. We received and considered responses from Appellant as well as two interested parties in this appeal.

At the April 15 status conference, the Town raised concerns that (1) Appellant failed to provide proper notice to all interested persons in accordance with V.R.E.C.P. 5(b)(3) and 24 V.S.A. § 4471(c) and (2) that due in part to the Town's own administrative error, the notice of appeal that Appellant provided to at least some interested persons included a draft of the DRB's final decision, rather than the final decision itself. Based on these alleged procedural problems, the Town suggested that we remand the pending case to the DRB to render a new decision. No party claims that another procedural defect has occurred.

Although at the April 15 status conference the Town alleged that notice to neighbors of Appellant's appeal was improper, the Town has offered no specific evidence that Appellant did not provide proper notice to all interested persons. Furthermore, Appellant challenges the Town's assertions in its opposition to the Town's motion for remand. Without more than claims made by the Town at a pre-trial status conference, we decline to find that Appellant did not properly notice all interested persons or that the defect claimed warrant remand.

We do acknowledge, however, that there is some confusion over which DRB decision is the final decision on appeal to this Court, and which decision Appellant sent to all interested persons as part of its notice of appeal. At the April 15 status conference, the Town appeared to suggest that the true final decision was signed, dated, and issued on January 3, 2013. We see no evidence of such a decision in the record before us.

Instead, Appellant has provided the Court with two copies of a DRB decision in this matter, both of which are dated January 18, 2013. The first decision includes the signature "Cathy" on its final page, and it appears to include a number of formatting irregularities and occasional spelling errors. The second decision includes the signature "Cathy Mullins" on its final page, and its formatting appears significantly more polished. Aside from these differences, the decisions are substantively identical.

Of the two decisions, the second decision, signed "Cathy Mullins," appears to be the decision meant for issuance. Because both decisions are substantively identical, however, we find that no noticed party was prejudiced by the receipt of the unpolished draft rather than the polished draft. The reason Appellant was in possession of a signed DRB decision meant to be an unpublished draft is somewhat of a mystery, but the Town appears to acknowledge that it was the result of a Town or DRB error. Because Appellant opposes the Town's motion for remand, and because Appellant's error in sending interested persons the less polished of two signed decisions created no prejudice, we see no grounds for remanding this case pursuant to V.R.E.C.P. 5(i).

Accordingly, we **DENY** the Town's motion for remand. So that all parties in this matter will subsequently work from identical DRB decisions, however, we also **ORDER** Appellant to provide all noticed parties, within 15 days (whether or not they have appeared thus far in this appeal), copies of the DRB decision dated January 18, 2012 and signed "Cathy Mullins."


_____          _____May 16, 2013_____
        Thomas S. Durkin, Judge                                 Date
================================================================================
Date copies sent: _____                          Clerk's Initials: _____
Copies sent to:
   Andrew C. Boxer, Attorney for Appellant Rockingham School District
   Interested Person Fred W. Yates
   Richard K. Bowen, Attorney for Interested Person Ruth Gale
   Lawrence Slason, Attorney for Cross-Appellant Town of Westminster